O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEI LIU, <br><br> Plaintiffs, <br> v. <br> JPMORGAN CHASE, N.A., a National Banking Association, <br><br> Defendants. | Case No. 2:12-00364ODW (DTBx) <br><br> **ORDER GRANTING MOTION TO DISMISS [18]** |

Before the Court is Defendant JPMorgan Chase, N.A.'s ("Defendant") Motion to Dismiss Plaintiff Wei Liu's ("Plaintiff") First Amended Complaint ("FAC"). (Dkt. No. 18.) Having carefully considered the papers filed in support of the instant Motion, the Court deems the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Because Plaintiff has not filed any opposition, and for the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

As Plaintiff should now know,[1] Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least 21 days prior to

---

[1] On March 14, 2012, the Court granted Defendant's motion to dismiss Plaintiff's original complaint following Plaintiff's failure to oppose that motion. (Dkt. No. 16.) There, the Court informed Plaintiff that "Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the

the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

The hearing on Defendant's Motion was set for June 11, 2012. Plaintiff's opposition was therefore due by May 21, 2012. As with Defendant's motion to dismiss Plaintiff's original Complaint, Plaintiff has failed to file an opposition to Defendant's present Motion to Dismiss Plaintiff's FAC, nor any other filing that could be construed as a request for a continuance. Plaintiff's failure to oppose may therefore be deemed consent to the granting of Defendant's Motion. Nevertheless, the Court proceeds to briefly address the sufficiency of Plaintiff's FAC.

TILA provides borrowers with the right to rescind loans involving a non-purchase-money security interest in the borrower's principal dwelling. 15 U.S.C. § 1635(a). Regardless of the clarity or accuracy of the underlying loan terms, every borrower of eligible loans begins with an unqualified right to rescind the loan for the first three days after closing. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(1)–(3). TILA's three-day rescission right can extend for up to three years if a lender fails to provide the borrower with clear notice of the three-day right to rescind, or if the lender fails to provide the borrower with accurate material disclosures. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). "Material disclosures" include the annual percentage rate, the finance charge, the amount financed, the total of payments, and the payment schedule. 15 U.S.C. § 1602(v); 12 C.F.R. § 226.23(a)(3) n.48. Material disclosures

---

motion." (*Id.* at 1.) In addition, the Court informed Plaintiff in its January 23, 2012 Self Representation Order: "Practice in the federal courts is governed by the Federal Rules of Civil Procedure. You **must** become familiar with these rules. You will be held to the same standards as a lawyer as far as complying with court procedures and regulations of the court system." (Self-Representation Order, ECF No. 5.) Plaintiff therefore has no excuse for his continued failure to comply with the Federal Rules of Civil Procedure and Central District of California Local Rules.

are treated as accurate as long as they are not understated by more than $100. 12 C.F.R. § 226.18(d)(1)(i).

Plaintiff contends here that the Good Faith Estimate Defendant provided him at closing of escrow deviated by $637.94 from the Final HUD-1 Form Defendant provided Plaintiff after closing. According to Plaintiff, "The final total closing cost of $637.94 has exceeded the TILA tolerance limit of $100." But Plaintiff misconstrues TILA's $100 tolerance for material disclosures. The Good Faith Estimate is not a material disclosure and is not intended to indicate precisely the amounts that will be reflected on the HUD-1. Indeed, Plaintiff's Good Faith Estimate clearly states:

> The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates – the actual charges may be more or less. Your transaction may not require a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 or HUD-1A settlement statement which you will receive at settlement. The HUD-1 or HUD-1A settlement statement will show you the actual cost for the items paid at settlement.

As TILA and Plaintiff's own Good Faith Estimate make clear, "[t]he tolerance formula for misstatements on the Truth-in-Lending form simply has no application to a discrepancy between the Good Faith Estimate and the HUD." *Martin v. Nat'l City Mortg. Co.*, No. 1:08-cv-01026-SMS, 2010 WL 671253, at *4 (E.D. Cal. Feb. 22, 2010).

Further, to the extent Plaintiff intends to allege that Defendant understated a material disclosure term by more than $100, Plaintiff fails to identify which material disclosure term Defendant understated. Plaintiff's first claim for violation of TILA therefore fails to allege with requisite factual specificity that Defendant provided him with accurate material disclosures triggering the extended three-year right of

rescission. Accordingly, Plaintiff has failed to allege a right to rescission beyond three days after closing.

Plaintiff's second claim seeks to quiet title in his favor on grounds that "Defendant has no right, title, estate, lien, or security interest in the subject property" because he sent Defendant a Notice of Rescission on April 11, 2011. (FAC ¶ 26.) Because Plaintiff's FAC does not adequately allege that he had a right to rescind his loan on April 11, 2011, Plaintiff's second claim likewise fails.

For the reasons discussed above, Defendant's Motion is **GRANTED**. Because the Court is convinced that further attempts to amend would be futile, this action is **DISMISSED WITH PREJUDICE**. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). The June 11, 2012 hearing on this matter is **VACATED**, and no appearances are necessary.

**IT IS SO ORDERED.**

May 22, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**